■ ANTHONY RANDAZZO et al., Plaintiffs, v FORTUNATO AND SONS, INC., Defendant and Third-Party Plaintiff-Respondent. MINUCCI BROTHERS CONSTRUCTION CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In a negligence action to recover, *inter alia,* damages for personal injuries, the third-party defendant Minucci Brothers Construction Corp. (hereinafter Minucci) appeals from (1) an order of the Supreme Court, Suffolk County (McInerney, J.), dated March 13, 1985, which granted the motion of the defendant and third-party plaintiff Fortunato and Sons, Inc. (hereinafter Fortunato) to strike its answer, and (2) an order of the same court, dated June 4, 1985, which denied its motion for leave to renew.

Ordered that the order dated June 4, 1985 is reversed, without costs or disbursements, the motion to renew is granted, and upon renewal, the order dated March 13, 1985 is

vacated and the motion to strike Minucci's answer is denied on the conditions that Minucci's attorneys personally pay to Fortunato the sum of $1,500 and produce a Minucci witness for an examination before trial; in the event that the conditions are not complied with, then the order dated June 4, 1985 is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated March 13, 1985 is dismissed, without costs or disbursements, as academic in light of the determination on the appeal from the order dated June 4, 1985; in the event the conditions set forth above are not complied with, the order dated March 13, 1985 is affirmed, without costs of disbursements; and it is further,

Ordered that the time of the attorneys for Minucci to pay the $1,500 sanction and produce the Minucci witness is extended until 60 days after service upon them of a copy of this decision and order, with notice of entry; the examination shall be held at a time and place to be specified in a notice of not less than 10 days, to be given by Fortunato to Minucci, and shall be on a date within said 60-day period.

While the actions of Minucci were egregious, they did not rise to the level of willful contumacious conduct. Therefore, Fortunato's motion to strike the answer should not have been granted. However, under the circumstances, the imposition of a $1,500 sanction to be paid by Minucci's attorneys to Fortunato is appropriate. Brown, J. P., Niehoff, Kooper and Spatt, JJ., concur.